## State of Connecticut *v.* Joseph Vernale

### Appellate Division of the Circuit Court

File No. CR 15-9021

Argued January 17—decided February 18, 1966

*Anthony J. Monterosso,* of New Britain, for the appellant (defendant).

*Mark S. Shipman,* assistant prosecuting attorney, for the appellee (state).

Kosicki, J. The defendant was accused of having committed a breach of the peace in violation of § 53-174 of the General Statutes[1] and, having been found guilty in a trial before the court without a jury, has appealed from the judgment.

The trial court found the following facts, which are not subject to correction. On the night of June 19, 1965, the complaining witness, a young lady twenty-one years of age, and her sister, age fourteen, were seated in an automobile, of which the former was the operator, in the parking area of McDonald's Restaurant in New Britain. At that time and place the defendant occupied a vehicle parked parallel with and adjacent to the aforesaid

---

[1] The pertinent provisions of § 53-174 are: "Any person who . . . disturbs or breaks the peace, or provokes contention, by following or mocking any person, with abusive or indecent language . . . ."

car. He was seated next to the driver, and there were two other occupants in the same vehicle. The young men in this car attempted to engage the two girls in conversation but their efforts were unsuccessful. Thereafter, from the vehicle occupied by the defendant and his companions, emanated opprobrious, offensive, insulting epithets and invectives, imputing shame, disgrace and contumely.[2] The complaining witness then started to leave her car to summon a police officer. As she got out, she looked directly at the defendant, whom she had known before and whom she recognized. At the same time, he uttered the words "bitch" and "bastard." The court concluded that these words were directed at the complaining witness; that the language was abusive and indecent; that it constituted a mocking; and that the defendant was guilty of a breach of the peace beyond a reasonable doubt.

The only errors assigned and pursued by the defendant are (1) that the use of the words mentioned above constituted a breach of the peace; and (2) that upon all the evidence the defendant was guilty of the crime charged beyond a reasonable doubt. The defendant's brief consists of only two paragraphs, stating as his sole defenses that the complaining witness was in her own vehicle when the words were uttered in her direction and that the uttering of these words was not a stirring up and provoking of strife and contention within the meaning of the statute.

---

[2] To allay any apprehension that this resort to characterization of the language employed, prompted perhaps by an outmoded fastidiousness, amounts to a mere conclusion of fact which may derive from a subjective interpretation, differing from person to person, the unchallenged finding discloses that the actual words used were "shithead," "bitch" and "bastard." Words such as these, although they have not been judicially disapproved when confined to literary expression (*State* v. *Onorato,* 3 Conn. Cir. Ct. 438, and cases cited), cannot be uttered with impunity when they violate § 53-174.

Both claims of the defendant are adequately answered in the following quotation from *State* v. *Warner,* 34 Conn. 276, 279: "[T]he outrageous acts of the accused clearly amount to a mocking within the purview of the statute. To mock, according to the lexicographers, is to deride, to laugh at, to ridicule, to treat with scorn and contempt. . . . The statute also defines its own meaning in the use of the term. It says, 'mocking with scurrilous or abusive or indecent language or gestures or noise.' . . . With respect to the other point, that strife and contention were not actually stirred up or provoked. To provoke is to excite, to stimulate, to arouse. Strife and contention do not necessarily imply blows." See *State* v. *Cantwell,* 126 Conn. 1, 6; *United States* v. *Strong,* 263 Fed. 789, 796; *State* v. *Reichman,* 135 Tenn. 685, 702.

The words used by the defendant toward the complaining witness were a direct and wilful accusation insolently impugning her character, virtue and legitimacy. They are colloquially known as "fighting words."[3] "Each individual is entitled to be secure in his person, to be free from unjustified molestation by others, and to be guarded by the law against any unwarranted intrusion upon his tranquility. Upon this foundation rests the existence of an orderly and civilized society." *State* v. *Boyer,* 2 Conn. Cir. Ct. 288, 294. The appeal is without merit.

There is no error.

In this opinion KINMONTH and LEVINE, Js., concurred.

---

[3] In "The Virginian," by Owen Wister (a novel reputedly favored by President Theodore Roosevelt), the hero, with gun in quick reach, makes this delicate distinction: "When you call me that, smile!"