J-A32029-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| CHRISTINE ROMANI-RUBY, JESSICA ROMANI, TRACY ROMANI | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| DOMENIC ROMANI | |
| Appellant | No. 114 WDA 2015 |

Appeal from the Judgment Entered February 3, 2015
In the Court of Common Pleas of Indiana County
Civil Division at No(s): 10769 CD 2012

BEFORE:  SHOGAN, J., OTT, J., and STABILE, J.

MEMORANDUM BY OTT, J.:                    **FILED JANUARY 06, 2016**

Domenic Romani (Appellant) appeals from the order entered on December 17, 2014, in the Court of Common Pleas of Indiana County, denying his post-trial motion for relief.[1]   In this appeal, Romani presents three claims, all of which essentially argue the $2,475,000.00 jury award against him was excessive and unsupported by the evidence.   After a thorough review of the submissions by the parties, relevant law, and the certified record, we affirm.

_____

[1] Technically, this appeal was premature, having been filed prior to entry of judgment.   However, judgment was subsequently entered on February 3, 2015, thereby allowing this panel to proceed.   The appeal is properly taken from the judgment.

The underlying facts of this matter are well known to the parties and need not be recounted here. We simply note that over a period of years, Appellant engaged in inappropriate physical contact with the three plaintiffs, all of whom are related. After Appellant pled guilty to a single crime related to his actions, the plaintiffs filed suit, seeking damages based upon claims of negligent infliction of emotional distress, intentional infliction of emotional distress, battery, assault and false imprisonment. *See* Complaint, 8/14/2012 at ¶¶ 22, 54, 72; 23, 55, 73; 24, 56, and 74. Appellant failed to answer the complaint and a default judgment was entered against him. Subsequently, a jury trial for damages only was held on August 4-5, 2014. The jury awarded Christine Romani-Ruby $475,000, Jessica Romani $1,000,000, and Tracy Romani $1,000,000[2] (collectively Appellees). Appellant filed a post-trial motion claiming the awards were unsupported by evidence and were excessive. In his brief in support of his motion, Appellant also stated the plaintiffs had claimed emotional damages without demonstrating physical impact or injury, and therefore, any award for such damages must fail pursuant to *Kazatsky v. King David Memorial Park, Inc.*, 527 A.2d 988 (Pa. 1987).

In this appeal, Appellant raises three claims, although all three claims appear to be included in the first. Specifically, his arguments are:

_____

[2] The awards included compensatory and punitive damages.

I.      Where the jury returned a monetary damages verdict for intentional infliction of emotional distress in an aggregate amount of $2,475,000.00 in a case in which the plaintiffs' testimony demonstrates that the injuries complained of were not severe, that the injuries complained of were not permanent in nature, that the injuries complained of were unaccompanied by any physical impact or injury, that the injuries complained of were not manifested by objective physical evidence but were instead revealed only by the plaintiffs' subjective testimony, that the injuries complained of do not prevent the plaintiffs from continuing with their employment, that the size of the plaintiffs' out of pocket expenses are minimal, that the amount of compensation demanded in the original complaint was minimal in relation to the eventual jury verdict, and that the plaintiffs failed to present any expert testimony with regard to their injuries, did the [t]rial [c]ourt err in denying Defendant's Motion for Post-Trial Relief which argued that the jury verdict was excessive and unsupported by sufficient evidence and which sought relief in the form of a new trial on the issue of damages or, in the alternative, sought remittitur[?]

II.     Does each Plaintiff['s] failure to introduce any type of expert medical testimony to prove their claims of emotional distress cause their damages claims to fail as matter of law?

III. Did the trial court commit reversible error in denying Appellant's post-trial motion in the form of remittitur by failing to reduce the jury's verdict due to its excessive nature in general and due [to] the fact that each plaintiff wholly failed to introduce any expert medical testimony to support their respective claims for damages arising out of Appellant's conduct[?]

*See* Appellant's Brief, at 7.

Our standard of review for the denial of a request for new trial based

upon an excessive verdict is as follows:

The grant or refusal of a new trial because of the excessiveness of the verdict is within the discretion of the trial court. This court will not find a verdict excessive unless it is so grossly excessive as to shock our sense of justice. We begin with the premise that large verdicts are not necessarily excessive verdicts. Each case is unique and dependent on its own special circumstances and a

court should apply only those factors which it finds to be relevant in determining whether or not the verdict is excessive.

***Graham v. Compo***, 990 A.2d 9, 17 (Pa. Super. 2010).

Appellant bases certain aspects of his appeal on a claim that the award, based upon a claim of intentional infliction of emotional distress, was not supported by competent medical testimony. This argument is unavailing.

First, we note that the complaint did not solely allege intentional infliction of emotional distress; as noted above, the Appellees also claimed negligent infliction of emotional distress.[3] The jury verdict, however, did not differentiate between damages awarded for negligent or intentional infliction of emotional distress. Moreover, Appellant did not ask for a verdict form that differentiated between those two claims, nor did he object to the form that was submitted to the jury. To the extent that the jury verdict cannot be differentiated between the claims of negligent and intentional infliction of emotional distress and the fact Appellant failed to object, the claim must be considered waived for failure to raise a timely objection. ***See*** Pa.R.A.P. 302(a) (issue must be raised first in the trial court).

---

[3] Our resolution of this matter is not strictly dependent upon any distinctions between claims of intentional or negligent infliction of emotional distress. We note that the Complaint characterized Romani's actions as "intentional, wanton, willful and reckless" and not negligent. ***See*** Complaint at ¶¶ 24, 56, 74.

Substantively, Appellant's argument that the failure to causally link his actions to the emotional harm claimed is fatal to Appellees' claims, is based largely upon *Kazatsky v. King David Memorial Park, Inc.*, 527 A.2d 988 (Pa. 1987). *Kazatsky* determined that a claim of intentional infliction of emotional distress, based solely upon allegations of outrageous conduct, required expert medical testimony to link the conduct to the harm claimed. It is important to note that outrageous conduct is characterized as extreme actions that may border upon malice, but which does not include any physical impact or injury between the plaintiff and defendant. *See Kazatsky*, 527 A.2d at 991-91, *discussing* Restatement (Second) of Torts 46 comment(d) and *Knaub v. Gotwalt*, 220 A.2d 464 (Pa. 1960). Specifically, in *Kazatsky*, the plaintiffs, parents of prematurely born twins who died shortly after birth, filed suit against the cemetery, which failed both to install the grave marker or to maintain the gravesite. The facts of *Kazatsky* bear no resemblance to the instant claim for damages based upon decades of inappropriate touching of the plaintiffs.

Additionally, Appellant misstates the record when he claims there was no evidence of physical impact or injury. *See* Appellate Brief at 20. The evidence from all three plaintiffs described a prolonged course of conduct of inappropriate physical contact between Romani and the victims. *Kazatsky* specifically distinguished claims based solely on outrageous conduct from those arising from physical contact.

The tort of intentional infliction of emotional distress by outrageous conduct differs from traditional intentional torts in an important respect: it provides no clear definition of the prohibited conduct.

Battery, assault, and false imprisonment describe specific forms of behavior; while we can quibble about whether a kick in the playground should be attended with the same legal consequences as a kick in the classroom, everyone can agree that you cannot have a battery without physical contact (or an assault without at least the appearance of attempted physical contact, or a false imprisonment without restraint of the freedom of movement). The relative ease with which injury may be established is counter balanced by the specificity of the prohibited behavior.

The term "outrageous" is neither value-free nor exacting. It does not objectively describe an act or series of acts; rather, it represents an evaluation of behavior. The concept thus fails to provide clear guidance either to those whose conduct it purports to regulate, or to those who must evaluate that conduct.

*Kazatsky*, *supra*, 527 A.2d at 994, *quoting* Givelber, *The Right to Minimum Social Decency and the Limits of Evenhandedness: Intentional Infliction of Emotional Distress by Outrageous Conduct*, 82 Col.L.Rev. 42, 52-53 (1982).

As we noted above, the complaint in this matter alleged assault, battery and false imprisonment. The Appellees characterized Appellant's actions throughout the years as assaults, batteries and false imprisonment. *See Complaint*, *supra*. Appellant did not answer the complaint and did not deny those allegations. Pursuant to *Kazatsky*, such allegations provide the foundation of physical impact required to distinguish the instant claim from the outrageous conduct requirements described in *Kazatsky*.

Finally, Appellant's argument that the failure to provide expert medical testimony dooms the Appellees' claims for damages, may also have been waived. Romani did not object during trial to any of the Appellees' testimony regarding the harm they suffered. Although Appellant cited **Kazatsky** in his brief in support of his post-trial motion, he only made reference to the requirement of physical contact, and made no argument regarding expert testimony. Accordingly, any argument that Appellees' claims fail due to a lack of medical testimony has been waived for failure to raise the issue before the trial court.

Even if we read Appellant's **Kazatsky** based argument most broadly to include the lack of expert medical testimony, we have already noted that requirement was based upon a factual situation of outrageous conduct only, and not a claim based upon years of sexual improprieties. Appellant's attempt to characterize his actions and Appellees' allegations as lacking physical impact is demonstrably false. Accordingly, this aspect of Appellant's argument also fails.

Finally, Appellant argues the trial court erred in denying his motion for remittitur. We reject Appellant's assertion he is entitled to this relief based upon the lack of expert medical testimony for the same reasons discussed above.

Appellant has also argued the awards are generally excessive in that it "shocks the sense of justice as to suggest that the jury was influenced by partiality, prejudice, mistake or corruption," and the amount bears no

relationship to the "nature of their alleged injuries."  **See** Concise Statement of Matters Complained of on Appeal, 2/3/2015, at ¶¶ 7, 8. We disagree, and rely upon the analysis provided by the trial court in its Pa.R.A.P. 1925(a) opinion.   Therein, the trial court noted how Appellant manipulated the Appellees, abusing his position of familial trust;[4] how the abuse of two of the victims began when they were 14 and 10 years old;[5] how the abuse of one of the victims took place over a period of almost twenty-five years.[6]  The trial court noted how each victim related Appellant's actions and how that abuse adversely impacted her everyday life, from the extensive period of abuse into the foreseeable future.[7]   Based upon the detailed testimony provided by the Plaintiffs, the trial court determined the awards were supported by the evidence and were not excessive.[8]   Our review of the certified record supports the trial court's determination and we discern no abuse of discretion therein.  **See Graham v. Compo**, **supra**.

In light of the foregoing, Romani is not entitled to relief.

Judgment affirmed.

---

[4] Trial Court Opinion, 12/17/2014, at 13-14.
[5] **Id**.
[6] **Id**. at 12.
[7] **Id**. at 14.
[8] **Id**. at 14.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  1/6/2016